**FILED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OCT 18 2021

**Clerk, U.S.** District & Bankruptcy
**Courts** for the District of Columbia

UNITED STATES OF AMERICA

v.

ROBBY VAN MELE,

_____ Defendant. _____

Criminal No. CR 21-573(TSC)

Filed:

Violation: 15 U.S.C. § 1
Conspiracy in Restraint of Trade

## PLEA AGREEMENT

The United States of America and Robby Van Mele ("defendant") hereby enter into the

following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1.     The defendant understands his rights:

      (a)     to be represented by an attorney;

      (b)     to be charged by Indictment;

      (c)     to plead not guilty to any criminal charge brought against him;

      (d)     to have a trial by jury, at which he would be presumed not

guilty of the charge and the United States would have to prove every essential element of

the charged offense beyond a reasonable doubt for him to be found guilty;

      (e)     to confront and cross-examine witnesses against him and to

subpoena witnesses in his defense at trial;

      (f)     not to be compelled to incriminate himself;

      (g)     to appeal his conviction, if he is found guilty; and

      (h)     to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2       The defendant knowingly and voluntarily waives:

    (a)    the rights set out in subparagraphs 1(b)-(f) above;

    (b)    any right he might have as a resident of Belgium to decline to accept service of the Summons in this case;

    (c)    any right he might have as a resident of Belgium to contest that the United States District Court for the District of Columbia has jurisdiction over him for purposes of this case;

    (d)    the right to file any appeal or collateral attack, including but not limited to an application or motion under 28 U.S.C. § 2241 or 2255, that challenges his conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which he is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

    (e)    the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742 or an application or motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the Sentencing Guidelines analysis and recommendations included in Paragraph 11 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) or the rights of the defendant under 18 U S C. § 3742(a)(3)

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently

Defendant's Initials:

no evidence known to him of ineffective assistance of counsel or prosecutorial misconduct.
Consistent with Fed. R. Crim. P. 11(b)(1)(O), the defendant recognizes that if he is not a citizen
of the United States, pleading guilty may have consequences for his immigration status,
including removal from the United States, denial of citizenship, and denial of admission to the
United States in the future  Under federal law, a broad range of crimes are removable offenses,
including the offense to which defendant is pleading guilty  Removal and other immigration
consequences are the subject of a separate proceeding, however, and defendant understands that
no one, including his attorney or the district court, can predict to a certainty the effect of his
conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead
guilty regardless of any immigration consequences that his plea may entail, even if the
consequence is his automatic removal from the United States.  Pursuant to Fed. R. Crim. P. 7(b),
the defendant will waive indictment and plead guilty to a one-count Information to be filed in the
United States District Court for the District of Columbia  The Information will charge the
defendant with participating in a conspiracy to suppress and eliminate competition by allocating
customers, rigging bids, and fixing prices for certain contracts for the provision of security
services in Belgium, including with the United States, through the Department of Defense, and
with the North Atlantic Treaty Organization (NATO) Communications and Information Agency
(the "NCI Agency"), which is funded in part by the United States, in violation of the Sherman
Antitrust Act, 15 U.S C  § 1

      3.     The defendant will plead guilty to the criminal charge described in Paragraph 2
above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to
the Court in accordance with Fed. R  Crim. P  11, as set forth in Paragraph 4 below.  The United
States agrees that at the arraignment, it will stipulate to the release of the defendant on his

Defendant's Initials:

Rᵛᵐ

personal recognizance, pursuant to 18 U S C. § 3142, without restriction as to travel, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.     Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts·

(a)     For purposes of this Plea Agreement, the "Relevant Period" is that period from at least as early as Spring 2019 and continuing until at least Summer 2020. Within the Relevant Period, the defendant was employed as Director of Operations by G4S Secure Solutions NV ("G4S"), an entity organized and existing under the laws of Belgium and with its principal place of business in Brussels, Belgium. Within the Relevant Period, G4S was engaged in the business of providing security services to customers in the United States and elsewhere. Security services include individual guards protecting physical buildings, mobile monitoring of certain locations, and electronic surveillance of defined areas.

(b)     Within the Relevant Period, the defendant participated in a conspiracy with other persons and entities associated with the major Belgian security services providers, the primary purpose of which was to suppress and eliminate competition by allocating customers, rigging bids, and fixing prices for certain contracts for the provision of security services in Belgium, including with the United States, through the Department of Defense, and with the NCI Agency, which is funded in part by the United States. In furtherance of the conspiracy, the defendant engaged in discussions and attended meetings with representatives of other major security services providers. During these discussions and meetings, agreements were reached to allocate customers, rig bids, and

4

Defendant's Initials:

Ʌʋⁿ

fix prices for certain contracts for the provision of security services in Belgium, including with the United States.

(c)     Within the Relevant Period, security services were provided by one or more of the conspirator firms to the United States Department of Defense, and proposals, contracts, invoices for payment, payments, and other documents and items essential to the provision of security services were transmitted in foreign trade and commerce between the defendant's employer and its co-conspirators located in Belgium and their customers located in the United States and elsewhere

(d)     The defendant agrees that the above summary fairly and accurately sets forth the defendant's offense conduct and a factual basis for the guilty plea. The defendant acknowledges that the above summary does not set forth each and every fact that the United States could prove at trial, nor does it necessarily encompass all of the acts that the defendant committed in furtherance of the offense to which the defendant is pleading guilty

## ELEMENTS OF THE OFFENSE

5     The elements of the charged offense are that.

(a)     the conspiracy described in the Information existed at or about the time alleged;

(b)     the defendant knowingly became a member of the conspiracy; and

(c)     the conspiracy described in the Information either substantially affected interstate and foreign trade and commerce in goods or services or occurred within the flow of interstate and foreign commerce in goods and services.

5

Defendant's Initials:



## POSSIBLE MAXIMUM SENTENCE

6    The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a)    a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b)    a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C § 1, 18 U.S.C. § 3571(b) and (d)); and

(c)    a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") § 5D1.2(a)(2)).

7.    In addition, the defendant understands that:

(a)    pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may order him to pay restitution to the victims of the offense; and

(b)    pursuant to 18 U.S C § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater

6

Defendant's Initials.

punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2018 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U S C § 3553(a). Pursuant to U.S S G. § 1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

9. The defendant understands that the sentence to be imposed on him is within the sole discretion of the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the Court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of (a) this Plea Agreement; (b) the fact, manner, and extent of the defendant's activities with respect to this case, and all other activities of the

7

Defendant's Initials:

defendant that the United states deems relevant to sentencing; and (c) the timeliness, nature, extent, and significance of the defendant's cooperation with the United States.

      10.    The defendant is free to recommend any sentence based on 18 U.S.C. § 3553(a) The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not follow such a recommendation and/or the recommendations contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

      11    The United States and the defendant agree to the following Guidelines analysis and calculations:

      (a)    The controlling Guideline applicable to the sole count charged is U.S.S G § 2R1.1.

      (b)    The Guidelines fine range is one to five percent of the volume of commerce attributable to the defendant, but not less than $20,000, pursuant to U.S.S.G. §§ 2R1.1(b)(2) and (c)(1).

      (c)    Pursuant to Guidelines § 2R1.1(a), the base offense level is 12

      (d)    The offense to which the defendant is pleading guilty involved participation in an agreement to submit non-competitive bids, within the meaning of U.S.S.G § 2R1.1(b)(1), which increases the offense level by 1

      (e)    The resulting offense level before any reduction for acceptance of responsibility is 13.

      (f)    Pursuant to U S S.G § 3E1 1(a), there is a reduction of 2 based upon the defendant's prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct

      (g)    The resulting offense level is 11

Defendant's Initials:

ℝ∨m

The United States and the defendant agree that no other adjustments under the Sentencing Guidelines are warranted in this case.

12.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 18 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U S S.G. § 5K1.1, advising the Court of all relevant facts pertaining to the defendant's substantial assistance to authorities and requesting that the Court sentence the defendant in light of the factors set forth in U.S.S.G. § 5K1 1(a)(1)– (5) The defendant acknowledges that the decision whether he has provided substantial assistance in any investigations or prosecutions and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States It is understood that, should the United States determine that the defendant has not provided substantial assistance in any investigations or prosecutions, or should the United States determine that the defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S G. § 5K1 1, but will not entitle the defendant to withdraw his guilty plea once it has been entered. The defendant further understands that, whether or not the United States files a motion pursuant to U.S.S G. § 5K1 1, the sentence to be imposed on him remains within the sole discretion of the Court.

13     The United States and the defendant are not aware of any information that would affect the defendant's Criminal History Category  If no other information were discovered, the defendant's Criminal History Category would be I  The parties understand that the defendant's Criminal History Category is determined by the Court

14.     The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission

9

Defendant's Initials:

Rvm

in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.

15.     The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

16.     In consultation with U.S. victims and in light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the United States agrees not to seek a restitution order for the offense charged in the Information.

17.     In the event that the Court imposes an incarceratory sentence, the United States will not object to the defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the defendant be assigned to a Federal Minimum Security Camp to serve any sentence imposed, and that the defendant be released following the imposition of the sentence to allow him to self-surrender to the assigned prison facility on a specified date.

## DEFENDANT'S COOPERATION

18.     The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of security services in Belgium, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or

10

Defendant's Initials: _____

conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant will include, but not be limited to

(a)     producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, and with translations into English, in the possession, custody, or control of the defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding,

(b)     making himself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U S.C §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law

11

Defendant's Initials:

enforcement officials to other individuals, with all such activity being conducted only at the express direction and under the supervision of attorneys and agents of the United States;

(f)　　when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), and contempt (18 U.S.C. §§ 401 - 402); and

(g)　　not committing, participating in, or attempting to commit or participate in any additional crimes.

## GOVERNMENT'S AGREEMENT

19　　Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 18 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of security services in Belgium ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses, (b) civil matters of any kind; (c) any

12

Defendant's Initials:



violation of the federal tax or securities laws or conspiracy to commit such offenses, or (d) any crime of violence.

20.     The United States agrees that when the defendant travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject the defendant to arrest, detention, or service of process, or to prevent the defendant from departing the United States. This paragraph does not apply to the defendant's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

21.

(a)     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 18 of this Plea Agreement, and upon the Court's acceptance of the defendant's guilty plea and imposition of sentence in this case, the United States agrees not to seek to remove the defendant from the United States under Sections 238 and 240 of the Immigration and Nationality Act, 8 U.S.C. §§ 1228 and 1229a, based solely upon the defendant's guilty plea and conviction in this case, should the defendant apply for or obtain admission to the United States as a nonimmigrant (hereinafter referred to as the "agreement not to seek to remove the defendant"). The agreement not to seek to remove the defendant is the equivalent of an agreement not to exclude the defendant from admission to the United States as a nonimmigrant or to deport the defendant from the United States. (Immigration and Nationality Act, § 240(e)(2), 8 U.S.C. § 1229a(e)(2))

Defendant's Initials:

ℓѵⅿ

(b)     The Antitrust Division of the United States Department of Justice has consulted with United States Immigration and Customs Enforcement ("ICE") on behalf of the United States Department of Homeland Security ("DHS"). ICE, on behalf of DHS and in consultation with the United States Department of State, has agreed to the inclusion in this Plea Agreement of this agreement not to seek to remove the defendant, pursuant to Attachment A to this Plea Agreement. The Secretary of DHS has delegated to ICE the authority to enter this agreement on behalf of DHS.

(c)     So that the defendant will be able to obtain any nonimmigrant visa that he may need to travel to the United States, DHS and the Visa Office, United States Department of State, have concurred in the granting of a nonimmigrant waiver of the defendant's inadmissibility, pursuant to Attachment A. This waiver will remain in effect so long as this agreement not to seek to remove the defendant remains in effect. While the waiver remains in effect, the Department of State will waive any denial, made solely on the basis of the defendant's guilty plea and conviction in this case, of the defendant's application for a nonimmigrant visa, and DHS will waive any denial, made solely on the basis of his guilty plea and conviction in this case, of his application for admission as a nonimmigrant. This nonimmigrant waiver only applies to applications for entry as a nonimmigrant. DHS does not agree to waive any grounds of removability on an application for an immigrant visa.

(d)     This agreement not to seek to remove the defendant will remain in effect so long as the defendant:

(i)     acts and has acted consistently with his cooperation obligations under this Plea Agreement;

14

Defendant's Initials:



be waived if the Secretary of Defense determines a waiver is in the interests of national security. The defendant understands that he may be subject to additional suspension or debarment actions by state or federal agencies other than the Antitrust Division, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C § 2408, and that this Plea Agreement in no way controls what additional action, if any, other agencies may take  However, the Antitrust Division agrees that, if requested by the defendant, it will advise the appropriate officials of any governmental agency considering such additional action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that he wants to plead guilty regardless of the potential suspension or debarment consequences of his plea.

## REPRESENTATION BY COUNSEL

23.     The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement  After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

24     The defendant's decision to enter into this Plea Agreement and  to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and

16

Defendant's Initials:

Rvm

(ii)     is not convicted of any felony under the laws of the United States or any state, other than the conviction resulting from the defendant's guilty plea under this Plea Agreement or any conviction under the laws of any state resulting from conduct constituting an offense subject to this Plea Agreement; and

(iii)    does not engage in any other conduct that would warrant his removal from the United States under the Immigration and Nationality Act. The defendant understands that should the Antitrust Division become aware that the defendant has violated any of these conditions, the Antitrust Division will notify DHS DHS will then determine, in consultation with the Antitrust Division, whether to rescind this agreement not to seek to remove the defendant

(e)     The defendant agrees to notify the Assistant Attorney General of the Antitrust Division should the defendant be convicted of any other felony under the laws of the United States or of any state.

(f)     Should the United States rescind this agreement not to seek to remove the defendant because of the defendant's violation of a condition of this Plea Agreement, the defendant irrevocably waives his right to contest his removal from the United States under the Immigration and Nationality Act on the basis of his guilty plea and conviction in this case, but retains his right to notice of removal proceedings.

22.     The defendant understands that, upon sentencing, the Antitrust Division will report his conviction to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management.  The defendant understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only

Defendant's Initials:



Attachment A. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

25      The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 18 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

26.      The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States,

17

Defendant's Initials:

federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410

### ENTIRETY OF AGREEMENT

27. This Plea Agreement and Attachment A constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

28 The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

29 A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

18

Defendant's Initials:

DATED: _____

Respectfully submitted,


BY: _____
    Robby Van Mele
    Defendant

BY _____
    Bryan Serino
    Dina Hoffer
    Kathryn Kushner

    Trial Attorneys
    U.S. DEPARTMENT OF JUSTICE
    ANTITRUST DIVISION
    26 Federal Plaza, Suite 3630
    New York, NY 10278
    Tel.: (212) 335-8000


BY _____
    David Schertler
    Lisa Manning
    SCHERTLER ONORATO MEAD &
    SEARS LLP
    901 New York Avenue, N.W
    Suite 5000
    Washington, D.C. 20001

    Counsel for Robby Van Mele

19

Defendant's Initials.